IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA      )
                              )
v.                            )      CASE NO. CR416-148
                              )
JERROD BAUGH,                 )
                              )
        Defendant.            )
_____)

O R D E R

Before the Court is Defendant Jerrod Baugh's Emergency Motion
to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc.
29), which the Government has opposed (Doc. 32). For the following
reasons, Defendant's motion (Doc. 29) is **DISMISSED IN PART** and
**DENIED IN PART**.

**BACKGROUND**

In May 2016, Defendant pled guilty to two counts of unlawful
use of a communication facility, in violation of 21 U.S.C.
§ 843(b). (Doc. 16.) Defendant was sentenced to 96 months'
imprisonment. (Doc. 21 at 2.) In May 2020, Defendant filed his
first Motion for Compassionate Release (Doc. 25), which the Court
dismissed because Defendant failed to exhaust his administrative
remedies (Doc. 27). According to the Federal Bureau of Prisons'
("BOP") website, Defendant is currently incarcerated at Federal
Correctional Institution ("FCI") Yazoo City Medium located in
Yazoo City, Mississippi, with a projected release date of January

23, 2023. <u>See</u> <u>BOP Inmate Locator</u>, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on February 3, 2021).

## ANALYSIS

Defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic and, in the alternative, requests to be placed on home confinement. (Doc. 29 at 1; Doc. 29, Attach. 1 at 2.) The Government opposes Defendant's request, arguing that the factors set forth in 18 U.S.C. § 3553(a) weigh against releasing Defendant. (Doc. 32 at 1.) The Court finds that Defendant's motion is due to be dismissed in part and denied in part.

## I.   <u>HOME CONFINEMENT</u>

First, to the extent Defendant is seeking an order from this Court placing him on home confinement, his request is due to be dismissed. A request for home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, enacted on March 27, 2020, is different than a request for sentence reduction based upon compassionate release. Under Section 12003(b)(2) of the CARES Act, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP, the BOP is permitted to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines

2

appropriate." <u>United States v. Allen</u>, No. 2:14-cr-024, 2020 WL
2199626, at *1 n.1 (S.D. Ga. May 6, 2020). Thus, the BOP is
utilizing its authority under 18 U.S.C. § 3624(c)(2) and 34 U.S.C.
§ 60541—not the compassionate release provision of 18 U.S.C.
§ 3582(c)—to effectuate the Attorney General's directive to the
BOP regarding home confinement in connection with the CARES Act.
<u>Id.</u> at *1. This Court lacks the authority to order the BOP to
release a prisoner on home confinement. <u>See</u> <u>United States v.</u>
<u>Calderon</u>, 801 F. App'x 730, 731-32 (11th Cir. 2020) (explaining
that under 34 U.S.C. § 60541(g)(1)(A) the Attorney General "may"
release eligible elderly offenders, and the district court was
without jurisdiction to grant relief); <u>see also</u> <u>Allen</u>, 2020 WL
2199626, at *1 ("These statutes do not authorize a federal court
to order the BOP to release a prisoner."); <u>United States v. Greene</u>,
No. CR 116-056, 2020 WL 3316987, at *1 (S.D. Ga. June 18, 2020).
Thus, to the extent Defendant is seeking an order from this Court
placing him on home confinement, Defendant's motion is **DISMISSED**.

II. <u>COMPASSIONATE RELEASE</u>

    A. <u>Eligibility for Compassionate Release</u>

    Defendant seeks compassionate release under 18 U.S.C.
§ 3582(c)(1)(A) due to his medical conditions and the COVID-19
pandemic. (Doc. 29 at 4-5.) 18 U.S.C. § 3582(c)(1)(A) provides
that the Court can reduce the term of imprisonment upon

> motion of the Director of the Bureau of Prisons, or upon
> motion of the defendant after the defendant has fully

3

exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

Additionally, 28 C.F.R. § 571.61 requires an inmate seeking a compassionate release to submit a written request to the prison's warden. At a minimum, the inmate's request must contain "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration" and "[p]roposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." 28 C.F.R. § 571.61(a).

Under § 3582(c)(1)(A), a court may order a sentence reduction where the court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. See U.S.S.G. § 1B1.13. In its consideration of compassionate release, the Court is constrained by the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The application notes to the applicable policy statement list three specific examples of extraordinary and compelling reasons to consider a reduction of sentence under

§ 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. U.S.S.G. § 1B1.13 n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D). For a medical condition to qualify as an extraordinary and compelling reason, the condition must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii).

As highlighted by the Government, Defendant has fully exhausted his administrative remedies as required by § 3582(c)(1)(A). (Doc. 32 at 3 n.2.) Defendant submitted a reduction in sentence ("RIS") request to the Warden of FCI Yazoo City Medium on October 5, 2020 (Doc. 29, Attach. 1), and Defendant claims that the Warden has not responded to his request (Doc. 29 at 9). Because Defendant has exhausted his administrative remedies, the Court will now consider whether Defendant has presented extraordinary and compelling reasons justifying release. See United States v. Smith, No. 3:97-cr-120J-34PDB, 2020 WL 5106694, at *3-4 (M.D. Fla. Aug. 31, 2020) (finding the defendant satisfied the § 3582(c)(1)(A) exhaustion requirement by filing his

5

motion with the district court "more than 30 days after submitting
his request" to the warden).

In seeking compassionate release, Defendant claims that he
suffers from diabetes, hypertension and asthma induced by severe
allergies, and that these conditions place him at a greater risk
of experiencing serious complications from COVID-19. (Doc. 29 at
4.) The Government, in response, highlights that Defendant's BOP
medical records from the past year do not indicate that Defendant
suffers from diabetes or asthma. However, Defendant's medical
records do support his contention that he suffers from
hypertension. (Doc. 32, Attach. 3 at 2.) The Government
acknowledges that, based on the Center for Disease Control's
recommendations, Defendant's hypertension "might" place him at an
increased risk of severe illness from COVID-19. (Doc. 32 at 13-
14.) Therefore, the Government "leaves it to the Court's
determination whether the combination of [Defendant's]
hypertension with the CDC's current recommendions qualifies as
an 'extraordinary and compelling reason' under § 1B1.13,
application note 1." (Id. at 13.)

The Court has reviewed Defendant's BOP medical records and
does not find any evidence that Defendant's hypertension
substantially diminishes his ability to provide self-care while
incarcerated. See United States v. Smith, No. 8:17-CR-412-T-36AAS,
2020 WL 2512883, at *6 (M.D. Fla. May 15, 2020); United States v.

<u>Johnson</u>, No. CR 108-110, 2020 WL 2449343, at *1 (S.D. Ga. May 12, 2020). It appears that Defendant takes medication to stabilize his hypertension. (Doc. 32, Attach. 3 at 2, 7.) Additionally, "[t]he Court is unwilling to conclude that a condition that 'might' put a defendant at an increased risk qualifies his circumstances as extraordinary and compelling enough to warrant early release." <u>United States v. Mingo</u>, No. CR612-018, 2020 WL 5028770, at *2 (S.D. Ga. Aug. 25, 2020).

Finally, the Court does not find that COVID-19 is in and of itself an extraordinary and compelling reason to warrant compassionate release. <u>United States v. Raia</u>, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread."). Accordingly, the Court finds that Defendant's motion (Doc. 29) is **DENIED** because Defendant has not demonstrated extraordinary and compelling reasons for compassionate release.[1]

---

[1] To the extent Defendant intends to challenge the conditions of his confinement, he must do so through a civil lawsuit brought pursuant to 42 U.S.C. § 1983. <u>See</u> <u>United States v. Riggs</u>, No. CR618-014-09, 2020 WL 7066325, at *2 n.2 (S.D. Ga. Dec. 2, 2020).

B. <u>Consideration of the § 3553(a) Sentencing Factors</u>

Further, even if this Court found Defendant had presented evidence of a qualifying medical condition that constituted an extraordinary and compelling reason for compassionate release, this Court would still deny Defendant's motion. In considering a defendant's motion pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court must consider the factors set forth in § 3553(a). The Court finds that the factors set forth in 18 U.S.C. § 3553(a) weigh against releasing Defendant. Section 3553(a) provides the following factors for the court's consideration:

1) the nature and circumstances of the offense and the history and characteristics of the defendant;
2) the need for the sentence imposed—
   A. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   B. to afford adequate deterrence to criminal conduct;
   C. to protect the public from further crimes of the defendant; and
   D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3) the kinds of sentences available;
4) the kinds of sentence and the sentencing range established . . .;
5) any pertinent policy statement . . .;
6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
7) the need to provide restitution to any victims of the offense.

Courts may, even after finding a defendant eligible for compassionate release, find that the § 3553(a) factors weigh against release. See <u>United States v. Chambliss</u>, 948 F.3d 691, 694

8

(5th Cir. 2020) (affirming a district court's denial of a defendant's motion for compassionate release where the district court found that, although the defendant had an extraordinary and compelling reason for compassionate release, the § 3553(a) factors weighed against a sentence reduction); United States v. Rodd, 966 F.3d 740, 748 (8th Cir. 2020) (affirming a district court's denial of a defendant's motion for compassionate release based on the § 3553(a) factors); United States v. Pawlowski, 967 F.3d 327, 331 (3d Cir. June 26, 2020) (same); United States v. Kincaid, 802 F. App'x 187, 188 (6th Cir. 2020) (same).

In May 2016, Defendant pled guilty to two counts of unlawful use of a communication facility, in violation of 21 U.S.C. § 843(b). (Doc. 16.) Defendant was sentenced to 96 months' imprisonment. (Doc. 21 at 2.) While the Court is sensitive to the concerns that Defendant has for his health and safety amid the COVID-19 pandemic, the Court finds that a reduction in his sentence is not warranted. Considering the facts surrounding Defendant's current offense, namely that Defendant was a multi-kilogram cocaine distributer for a drug trafficking organization, reducing Defendant's sentence would not reflect the seriousness of the offense. Additionally, reducing Defendant's sentence would not provide just punishment because, according to Defendant's Presentence Investigation Report ("PSR"), searches of three residences associated with Defendant uncovered numerous firearms,

$4,507 in cash, a digital scale, 484.86 grams of marijuana, 20.5 grams of cocaine hydrochloride, ten cellphones, loss prevention officer badges, and clothing displaying "POLICE." Moreover, Defendant was attributed with selling 5 kilograms of cocaine hydrochloride and 28 pounds of marijuana.

Reducing Defendant's sentence would also not promote respect for the law or provide adequate deterrence to criminal conduct. According to the PSR, Defendant has several prior drug convictions, including convictions for possession with intent to distribute cocaine and possession of marijuana. Defendant also has a prior conviction for obstruction of a law enforcement officer. Yet, Defendant's period of incarceration has not deterred his criminality. In fact, Defendant has been sanctioned by the BOP at least four times since his incarceration for the current offense, including sanctions for possession and use of drugs/alcohol and possession of a hazardous tool. (Doc. 32, Attach. 2 at 1-2.) Accordingly, the Court finds that the § 3553(a) factors weigh against reducing Defendant's sentence. See United States v. Millhouse, No. 06-285-1, 2020 WL 6799170, at *6 (E.D. Pa. Nov. 19, 2020) ("With the amount of disciplinary infractions [defendant] has incurred thus far, his incarceration has not proven to have any deterrent effect on his prohibitive conduct."); United States v. Mingo, CR 612-018-19, 2020 WL 5028770, at *2 (S.D. Ga. Aug. 25, 2020) (determining the § 3553(a) factors did not support releasing

defendant, in part, because defendant had "been disciplined for possessing a hazardous tool, assault without serious injury, refusing to obey an order, and failing to follow safety regulations").

## CONCLUSION

For the foregoing reasons, Defendant's Emergency Motion to Reduce Sentence (Doc. 29) is **DENIED**.

SO ORDERED this ___3ʳᵈ___ day of February 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA